15 F.3d 1088
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Louis Butler O'NEAL, Plaintiff-Appellant,
v.
R. ELLISON, Correctional Officer, Defendant-Appellee.
 No. 93-15693.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Louis Butler O'Neal appeals pro se the district court's summary judgment for correctional officer R. Ellison in O'Neal's 42 U.S.C. Sec. 1983 action. O'Neal alleged that Ellison used excessive force in violation of the Eighth Amendment when he fired a warning shot after seeing O'Neal and another inmate fighting. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's summary judgment de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 
 5
 Prison officials are entitled to a certain amount of discretion to take appropriate action in pursuit of the legitimate penological objectives of discipline and control. See Wolff v. McDonnell, 418 U.S. 539, 561-63 (1974). "Where a prison security measure is undertaken to resolve a disturbance, ... the question whether the measure taken inflicted unnecessary and wanton pain and suffering [in violation of the Eighth Amendment] ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quotations omitted). Force that is applied in a good faith effort to maintain discipline or restore order does not violate the Eighth Amendment. Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992).
 
 
 6
 On May 28, 1987, defendant Correctional Officer R. Ellison was stationed in a prison watchtower observing approximately 1500 prisoners exercising in the prison yard. While in the tower, Ellison observed O'Neal and another inmate engaging in "aggressive movement" and "throwing punches" at each other. In an effort to stop this altercation, Ellison fired a warning shot from his rifle into a "safe area" of the prison yard away from all inmates including O'Neal. O'Neal and the other inmate were then handcuffed, escorted from the yard, and charged with fighting.
 
 
 7
 In his affidavit, Ellison states that he "fired the warning shot only to stop the altercation and to ensure no individual suffered an injury." Ellison's actions were in compliance with California administrative regulations which permit the firing of a warning shot "into the air or in another safe direction" to stop unauthorized conduct on prison grounds. See Cal.Code.Regs. tit. 15, Sec. 3276(b)(5). O'Neal claims that Ellison did not fire the shot as a warning but, rather, harbored malice toward him and intended to kill him. Throughout the record below and on appeal, O'Neal merely repeats this conclusory allegation and provides no evidence or factual basis sufficient to raise a genuine issue of material fact as to the allegation. See Taylor, 880 F.2d at 1045. Accordingly, because it is uncontroverted that Ellison applied force in a good faith effort to maintain discipline and order on prison grounds, the district court did not err by granting Ellison's motion for summary judgment. See Hudson, 112 S.Ct. at 998-99.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3